UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXX GRAHAM,<br><br>    Plaintiff<br><br>    v.<br><br>WELLPATH,<br><br>    Defendant. | CIVIL ACTION NO. 3:25-CV-02109<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Maxx Graham, a prisoner proceeding *pro se*, has filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he is receiving inadequate medical care at SCI-Mahanoy for a gastrointestinal issue. (Doc. 1). Pursuant to 28 U.S.C. § 1915A, the Court finds that Graham's complaint fails to state a claim, but will grant him 30 days to file an amended complaint.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Graham's complaint alleges that for almost a month[1], he has had blood in his stool and difficulty controlling his bowel movements. He alleges that "every time I go to medical, they give me the runaround . . . it's the same doctor that has seen me before and he keeps saying the same thing." The complaint does not say what the doctor told Graham or why this advice amounts to the "runaround." He names Wellpath, the prison medical provider, as the sole defendant; as relief, he requests unspecified "medical attention."

Graham attaches two written requests to staff members and one prison grievance (Doc. 1-2), which provide some context for the complaint. In the first request, dated October 5,

---

[1] The complaint is undated, but the Court received it on November 7, 2025.

2025, he stated that he was asked to call medical to arrange a stool sample, but he was unable to control his bowels and wanted to be transferred to medical for an extended period until he needed to use the bathroom. The document reflects that his request was forwarded to nursing supervisors. Next, on October 8, he complained that he had been prescribed Pepto-Bismol "that never came." A staff member responded: "Pepto-Bismol was on KOP – Did you come to call out to pick it up?"[2]

Finally, at some point before October 16, Graham filed a grievance, the content of which is mostly illegible from the copy filed with the complaint. *See* (Doc. 1-2 at 3). To the extent the Court can discern, Graham wrote that medical staff "keep saying they're gonna give me Pepto-Bismol," but that he did not need Pepto-Bismol, and wanted to see an outside doctor and receive an "MRI or a CAT scan."

## II.     28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function,

---

[2] "KOP" may mean "keep on person," *i.e.*, that Graham would be allowed to administer his own medication rather than receiving it one dose at a time from staff. *See*, *e.g.*, *Noel v. Shaw*, No. 4:25-CV-00163, 2025 WL 1239331, at *1 (M.D. Pa. Apr. 29, 2025). Graham also wrote that "they would not give me Pepto-Bismol because they said it's being abused on the blocks in the past." However, it is unclear if that comment was included in the original statement or written in response to the staff member's explanation. *See* (Doc. 1-2 at 2).

2

a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory*

3

*Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative

amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. 42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a Section 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

**III.   DISCUSSION**

To state an Eighth Amendment claim based on deliberate indifference to medical needs, a plaintiff must show that (1) he had a serious medical need, (2) the defendant was deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023). Courts have found deliberate indifference "in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

While the Court does not diminish the distressing experience that Graham describes, his complaint does not state a viable Eighth Amendment claim as pled. A private provider such as Wellpath can be an appropriate defendant under Section 1983 if the alleged violation was the result of a corporate policy, custom or practice. *See Montanez v. Price*, 154 F.4th 127, 142 (3d Cir. 2025) (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). In other words, the fact that Wellpath is the prison medical care provider does not automatically make it a proper defendant for every claim relating to medical care. Graham has not explained how the events he describes were caused by a Wellpath policy, custom or practice, as opposed to the decisions of individual providers.

Moreover, Graham's complaint does not provide enough detail to suggest an Eighth Amendment violation. He states that an unnamed doctor is repeating the same advice and giving him "the runaround," but these vague allegations are not sufficient to sustain a legal claim. To state an Eighth Amendment medical care claim, he must explain what specific actions that each defendant took, or did not take, that show deliberate indifference. The Court infers that Graham's claim is one of inadequate medical care, not the denial of "medical attention" outright. If so, he must identify the relevant medical staff and explain why his past or current care demonstrates that the defendant(s) are deliberately disregarding his medical needs. Graham is advised that disagreement with medical staff over the appropriate course of treatment does not itself constitute deliberate indifference, *see Montanez*, 154 F.4th at 141, nor does he have a constitutional right to demand an "outside doctor" or any particular test or treatment. *See, e.g.*, *Johnson v. Cash*, 557 F. App'x 102, 103-04 (3d Cir. 2013) ("The failure to perform x-rays or order additional diagnostic tests does not rise to the level of cruel and unusual punishment.") (citing *Estelle v. Gamble*, 429 U.S. 97, 107-08 (1976)); *Featherstone v.*

6

*Lowe*, No. 3:06-CV-2271, 2006 WL 3484296, at *3 (M.D. Pa. Nov. 30, 2006) ("While plaintiff disagrees with an increase in medication . . . and his requests for an MRI and second opinion were denied, the averments do not suggest that Dr. Sprague's treatment was malicious or made with deliberate indifference.").

IV.  **CONCLUSION**

The Court will grant Graham's motion to proceed *in forma pauperis* (Doc. 5) and permit him to file an amended complaint prior to dismissing this case. *Grayson*, 293 F.3d at 108. An appropriate Order follows.

**Dated: December 4, 2025**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**